DICKINSON, Presiding Justice,
dissenting:
¶ 22. A fist-fight resulting in one of the participants suffering a heart attack may justify a charge of aggravated assault or manslaughter, but it does not justify a charge of depraved-heart murder — a crime that requires a higher degree of recklessness than culpable-negligence manslaughter.[2] The majority’s opinion would have one believe that Hawkins not only should have known his actions would result in Fair’s heart attack, but also that he intended the fatal result. The majority’s speculation — which would never be allowed in a civil case, for instance, medical malpractice — should not be the basis of a murder conviction.
¶ 23. I cannot help but wonder which-— if any — of my colleagues in the majority survived their respective youthful days, never having suffered (or inflicted) a black eye, bloody nose, or broken tooth in a fistfight that, according to today’s decision, would have justified an indictment and conviction for depraved-heart murder. Today’s decision should send a chill down the collective spines of Mississippi’s parents, coaches, and teachers. I do not *645 agree with it. I cannot support it. I respectfully dissent.
CHANDLER, J., JOINS THIS OPINION.

. See Clark v. State, 693 So.2d 927, 930 (Miss.1997); Windham v. State, 602 So.2d 798, 802 (Miss.1992)).